TULIP, The (UNITED STATES v.). See Case No. 14,234.

TULL v. The WASHINGTON IRVING. See Case No. 17,244.

## Case No. 14,235.

### In re TULLEY.

[3 N. B. R. 82 (Quarto. 19);[1] 2 Am. Law T. 137.]

District Court, W. D. Texas. 1869.

BANKRUPTCY—ASSIGNEE'S COSTS—ITEMS.

1. On revision of charges in the assignee's bill of costs, *held*, charges for expenses of publishing notice of appointment, advertising sale of property, recording deed of assignment. stationery, etc., are proper. Exceptions overruled.

2. Charge for making deed of conveyance is unauthorized.

3. Charge for counsel fee of twenty-five dollars suspended.

4. Charges for specific acts, such as drafting notice and acceptance of appointment, petition for order of sale, setting aside certificate of exempted property, are unauthorized: but the acts may be compensated as for general services by reasonable allowance. in the discretion of the court.

5. Suspended items referred to register to take testimony and decide, in his discretion, on their allowance in proper and reasonable amounts.

[In the matter of Riley Tulley, a bankrupt.]

DUVAL, District Judge. The only assets belonging to the estate of the bankrupt was a tract of three hundred and twenty acres of land, upon which a lien existed in favor of W. M. Stover, executor of W. F. Palmer, deceased, for five hundred dollars and interest. The land was sold under order of the bankrupt court, and purchased by said executor

for two hundred and forty-nine dollars. In his report, the assignee, J. K. Williams, renders the following account, viz.:

| | | |
|---|---|---|
| 1. By draft of notice and acceptance of appointment | $ 5 | 00 |
| 2. Setting aside certificate of exempted property | 5 | 00 |
| 3. Petition for order of sale | 5 | 00 |
| 4. Publishing notice of appointment | 6 | 00 |
| 5. Advertising sale of property | 1 | 50 |
| 6. Recording deed of assignment | 1 | 25 |
| 7. 1 day's service selling real estate | 7 | 00 |
| 8. Making out report | 7 | 00 |
| 9. Stationery, etc. | 1 | 00 |
| 10. Writing deed of conveyance | 5 | 00 |
| 11. Attorney's fees | 25 | 00 |
| 12. Commissions on $249 at 5 per cent. | 12 | 45 |
| | $81 | 20 |

All the items in the account are excepted to by the creditor, the said Stover, except the 5th and 6th, but the exceptions having been overruled by the register, the case has been certified to me for revision. As decided in the case of P. A. Pegues, bankrupt, No. 43, the charges Nos. 1, 2, and 3 are held to be unauthorized. I believe that five dollars would be sufficient for the services referred to in these three charges, and accordingly allow the same, and no more. The 4th, 5th, 6th, 9th, and 12th items are correct, and the exceptions to them are hereby overruled. The 7th and 8th items are disallowed. The law does not authorize these specific charges. For the services mentioned in both these items, I think seven dollars is a sufficient compensation, and the same is hereby allowed. The 10th item is unauthorized by the law, and the exception thereto is sustained. As to the 11th item. I am unable to understand for what purpose the services of an attorney could possibly have been needed by the assignee in this case. Without the most satisfactory evidence going to show the necessity for legal aid on the part of the assignee, and the actual rendition of the services charged for, this item should not be allowed. The matter is hereby referred to Mr. Register Whitmore, who will at once proceed to hear testimony on the subject, and take such action thereupon as he may deem proper, subject to the revision of the court. If, as is claimed by the creditor, the assignee has already received thirty-one dollars from the bankrupt, this amount should be deducted from the assignee's account.

TULLY (UNITED STATES v.). See Case No. 16,545.

TUMLIN (FRENCH v.). See Case No. 5,104.

TUNCKHOUSER (GRIFFITH v.). See Case No. 5,823.

TUNISON (CLOUTMAN v.). See Case No. 2,907.

---

[2] [From 3 Wash. C. C. 181.]

[1] [Reprinted from 3 N. B. R. 82 (Quarto. 19), by permission.]